**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 19-cv-02854-REB

GEORGE BONSEY,

　　　Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,

　　　Defendant.

## ORDER AFFIRMING DEPUTY COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed October 7, 2019,

seeking review of the Commissioner's decision denying plaintiff's claim for supplemental

security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et

seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. §

405(g). The matter has been fully briefed, obviating the need for oral argument. I

affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges he is disabled as a result of mild degenerative disc disease of the

lumbar spine, right shoulder chronic rotator cuff tear, chest perihalar scarring and right

side volume loss, stimulant use disorder, depression, anxiety, and PTSD. After his

application for supplemental security income benefits was denied, plaintiff requested a

hearing before an administrative law judge. This hearing was held on November 21,

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific
paper by the court's case management and electronic case filing system (CM/ECF). I use this convention
throughout this order.

2018.  At the time of the hearing, plaintiff was 49 years old.  He has a high school

education and past relevant work experience as a landscape laborer and supervisor,

ranch hand, and groundskeeper.  He has not engaged in substantial gainful activity

since at least July 31, 2018, the date of his application for benefits.

The ALJ found plaintiff was not disabled and therefore not entitled to

supplemental security income benefits.  Although the evidence established plaintiff

suffered from severe mental impairments, the judge concluded the severity of those

impairments did not meet or equal any impairment listed in the social security

regulations.  The ALJ concluded plaintiff had the residual functional capacity to perform

a light work with additional exertional, postural, manipulative, environmental, and mental

function limitations.  Although this finding precluded plaintiff's past relevant work, the

ALJ found there were jobs existing in significant numbers in the national and local

economies plaintiff could perform.  He therefore also found plaintiff not disabled at step

five.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.

Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his

physical and/or mental impairments preclude him from performing both his previous

work and any other "substantial gainful work which exists in the national economy."  42

U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social

Security [Act] requires the [Commissioner] to consider the combined effects of the

impairments in making a disability determination."  ***Campbell v. Bowen***, 822 F.2d 1518,

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(c).  However, the mere existence of a

severe impairment or combination of impairments does not require a finding that an

individual is disabled within the meaning of the Social Security Act.  To be disabling, the

claimant's condition must be so functionally limiting as to preclude any substantial

gainful activity for at least twelve consecutive months.  ***See Kelley v. Chater***, 62 F.3d

335, 338 (10th Cir. 1995).

The Commissioner has established a quinquepartite sequential evaluation

process for determining whether a claimant is disabled:

> 1.   The ALJ must first ascertain whether the claimant is
>      engaged in substantial gainful activity.  A claimant who is
>      working is not disabled regardless of the medical findings.
>
> 2.   The ALJ  must then determine whether the claimed
>      impairment is "severe."  A "severe impairment" must
>      significantly limit the claimant's physical or mental ability to
>      do basic work activities.
>
> 3.   The ALJ must then determine if the impairment meets or
>      equals in severity certain impairments described in Appendix
>      1 of the regulations.
>
> 4.   If the claimant's impairment does not meet or equal a listed
>      impairment, the ALJ must determine whether the claimant
>      can perform his past work despite any limitations.
>
> 5.   If the claimant does not have the residual functional capacity
>      to perform his past work, the ALJ must decide whether the
>      claimant can perform any other gainful and substantial work
>      in the economy.  This determination is made on the basis of
>      the claimant's age, education, work experience, and residual
>      functional capacity.

20 C.F.R. § 416.920(a)(4)(i)-(v).  ***See also Williams v. Bowen*** 844 F.2d 748, 750-52

(10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first

four steps of this analysis.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287,

2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show

the claimant is capable of performing work in the national economy.  *Id.*  A finding that

the claimant is disabled or not disabled at any point in the five-step review is conclusive

and terminates the analysis.  *Casias v. Secretary of Health & Human Services*, 933

F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining

whether the ALJ applied the correct legal standard and whether the decision is

supported by substantial evidence.  *Hamilton v. Secretary of Health and Human*

*Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194,

1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would

accept as adequate to support a conclusion.  *Brown*, 912 F.2d at 1196.  It requires

more than a scintilla but less than a preponderance of the evidence.  *Hedstrom v.*

*Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is

overwhelmed by other evidence in the record or constitutes mere conclusion."

*Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed

to apply the correct legal test, there is a ground for reversal apart from a lack of

substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

Although a reviewing court should meticulously examine the record, it may not reweigh

the evidence or substitute its discretion for that of the Commissioner.  *Id.*

### III.  LEGAL ANALYSIS

Plaintiff claims the ALJ erred in rejecting certain conclusions of the physical and psychological consultative examiners' reports, the acceptance of which would undermine the ALJ's residual functional capacity assessment.  Finding no such error in the ALJ's assessment and analysis of the evidence before him, I affirm.

In connection with his application for benefits, plaintiff underwent two consultative examinations.  Kent Rosengren, Psy.D., concluded plaintiff would be mild to moderately limited in most areas of work-related functioning, but, relevantly for present purposes, markedly limited in his ability to persist in work-related activities at a reasonable pace due to depression.  (Tr. 475.)  Based on his physical examination of plaintiff, Dr. Mitchel Brown found plaintiff could lift and carry about 20 pounds, stand four to six hours in a normal a work day, walk four to six hours in a normal walk day, and sit without limitation. He suggested plaintiff would occasionally be restricted in manipulative activities such as pushing, pulling, handling, grasping, fingering, and/or feeling, but endorsed no other postural or environmental limitations. (Tr. 488.)

The ALJ found both these opinions "generally persuasive"[2] but rejected Dr. Rosengren's suggestion of marked limitations in plaintiff's ability to persist in work-related activities and Dr. Brown's opinion that plaintiff's manipulative abilities should be limited.  (Tr. 24-25.)  Plaintiff claims that in so doing, the ALJ impermissibly substituted his own lay opinion for that of the medical experts.  *See Hamlin v. Barnhart*, 365 F.3d 1208, 1221 (10th Cir. 2004); *Romo v. Colvin*, 83 F.Supp.3d 1116, 1121 (D. Colo. 2015).

I disagree.  The observation that an medical source's conclusions appear

---

[2]  Because plaintiff filed his application for benefits after March 27, 2017, the ALJ was not required to afford any medical opinion particular weight in his analysis.  *See* 20 C.F.R. § 416.920c(a).

inconsistent with his own examination findings or treatment records is an entirely

appropriate reason for finding such opinion less persuasive.  ***See Vigil v. Colvin***, 805

F.3d 1199, 1202-03 (10th Cir. 2015); ***Cothran v. Berryhill***, 2018 WL 3159235 at \*4 (D.

Colo. June 28, 2018).  In addition, it is entirely appropriate to reject a medical opinion

based on other contrary evidence.  ***Pisciotta v. Astrue***, 500 F.3d 1074, 1078 (10th Cir.

2007); ***McGoffin v. Barnhart***, 288 F.3d 1248, 1252 (10th Cir. 2002).  Indeed, a medical

opinion's supportability and consistency is of paramount importance in the

Commissioner's determination of how persuasive the opinion is.  ***See*** 20 C.F.R. §§

416.920c(b)(2) & (c)(2).[3]

Such is precisely what occurred in this case.  With meticulous citation to the

evidence of record, the ALJ noted that Dr. Rosengren's assessment of marked

limitations in plaintiff's ability to persist with work-related activities was inconsistent with

his findings that plaintiff's thought process were not tangential and that he was able to

understand and carry on a conversation without limitations.  He also pointed to Dr.

Rosengren's findings that plaintiff exhibited appropriate concentration and attention, as

evidenced by his ability to perform serial 3s and spell "world" forward and backward.

(Tr. 19, 24, 473-474.)  Those conclusions were not fashioned from whole cloth, but

rather were substantiated by the opinion of the state agency psychologist, Dr. Sara

Sexton, who endorsed only moderate limitations in this area, which could be

accommodated by a limitation to work involving simple instructions and work decisions

---

[3] "Supportability" refers to the relevance of the objective medical evidence and supporting explanations presented by a medical source in support his or her medical opinions.  20 C.F.R. § 416.920c(c)(1).  "Consistency" refers to the correspondence *vel non* between a medical opinion and evidence from other medical sources and nonmedical sources in the record.  20 C.F.R. § 416.920c(c)(2).

and ordinary routines.[4]  (Tr. 25, 107, 111-112.)

Similarly, the ALJ's determination to reject Dr. Brown's manipulative limitations is fully substantiated by his citation of internal inconsistencies and contrary evidence of record.  The ALJ pointed out that Dr. Brown imposed these restrictions despite rating plaintiff's upper extremity grip strength as five out of five bilaterally, noting normal fine motor function, and finding no focal sensory or neurologic deficits.  (Tr. 25, 487.)  In addition, the ALJ noted (again, with precise and appropriate reference to the evidence of record) that plaintiff's treatment records generally were unremarkable with the exception of his right shoulder.  (Tr. 26.)  Finally, the ALJ's conclusions were buttressed by the opinion of the state agency physician, Dr. Virginia Thommen, who endorsed no such limitations.  (Tr. 25-26, 107-110.)  The ALJ's conclusions as to these consultative examiner opinions thus are supported by substantial evidence and provide no ground for reversal.

Plaintiff maintains also that the ALJ did not explain why he rejected Dr. Brown's opinion that plaintiff could only stand and walk for four to six hours in a day, which he claims inconsistent with light work.[5]  This argument misconstrues Dr. Brown's report, which stated plaintiff could *both* stand four to six hours a day *and* walk four to six hours

---

[4]  The ALJ accounted for these limitations in his residual functional capacity determination by limiting plaintiff to work that could be learned within 30 days, did not require quotas or production rate pace, could rely on end-of-day goals being satisfied, and did not require tandem tasks or teamwork where one production step is dependent on a prior step.  (*See* Tr. 20.)

[5]  The ALJ found that plaintiff could perform light work "as described in the regulations" subject to the limitations he found supported by the record, which did not include further limits on the ability to stand or walk.  (Tr. 20 (citing 20 C.F.R. § 416.967(b)).)  A full range of light work requires the ability to stand and/or walk for a total of approximately six hours in an eight-hour workday.  **Social Security Ruling** 83-10, 1983 WL 31251 at *6 (SSA Jan. 1, 1983).

a day.  (Tr. 488.)  In any event, because the upper limit of these ranges was within the

parameters of light work as defined by the regulations, Dr. Brown's opinion fully

supports the ALJ's conclusion that plaintiff had the residual functional capacity for work

at that level.[6]  *See* 20 C.F.R. § 416.945(a)(1) ("Your residual functional capacity is the

most you can still do despite your limitations."); **Social Security Ruling** 96-8p, 1996 WL

374184 at *2 (SSA July 2, 1996) ("[Residual functional capacity] does not represent the

*least* an individual can do despite his or her limitations or restrictions, but the *most*.")

(footnote omitted; emphases in original).

## IV.  ORDERS

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through

the Administrative Law Judge that plaintiff was not disabled is affirmed.

Dated November 6, 2020, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[6]  Relatedly, the ALJ did not err by failing to include a more restrictive stand/walk limitation in his
hypothetical to the vocational expert.  *See Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993)
(hypothetical propounded to vocational expert need only include such limitations as are supported by
evidence); *Perotin v. Colvin*, 110 F.Supp.3d 1048, 1056 (D. Colo. 2015) (same).